UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RHYTHM & HUES, INC.,

       Plaintiff,

- against -

THE TERMINAL MARKETING COMPANY, INC.,

       Defendant.
------------------------------------X
WELLS FARGO BANK MINNESOTA,          01 Civ. 4697 (DAB) (GWG)
NATIONAL ASSOCIATION,                 ADOPTION OF REPORT
                                     AND RECOMMENDATION
       Intervenor Defendant
       and Counterclaim
       Plaintiff,

- against -

RHYTHM & HUES, INC.,

       Counterclaim Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    This matter is before the Court upon the May 4, 2004 Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein ("Report"), which stated that the Motions for Summary Judgment and Partial Summary Judgment brought by Plaintiff and Counterclaim Defendant Rhythm & Hues ("R&H") should be denied and that the Motions for Summary Judgment and Partial Summary Judgment brought by Intervenor Defendant and Counterclaim Plaintiff Wells Fargo Bank Minnesota, National Association ("Wells Fargo") should be granted.

R&H moved for summary judgment on the first and third counterclaims raised by Wells Fargo and partial summary judgment on the fifth counterclaim, concerning the Line of Credit Agreement.  Wells Fargo moved for partial summary judgment and R&H cross-moved for summary judgment on the issue of whether Wells Fargo received a valid assignment from Terminal Marketing and its wholly owned subsidiary, Terminal Finance Corp. II ("Terminal Finance") of the two equipment leases at issue.  Wells Fargo also moved for summary judgment on the issue of whether a "waiver of defenses" clause could be enforced against R&H.  Upon the recommendation of Magistrate Judge Gorenstein denying R&H's Motions and granting Wells Fargos' Motions, R&H has submitted its objections to the Report and Wells Fargo has filed its response to those objections.[1]

The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Where no timely objection has been made, or where a party only raises general objections, "a district court need only satisfy itself there is no clear error

---

[1] The Court is also in receipt of numerous supplemental authorities and responses to such by R&H and Wells Fargo and has considered those submissions in making its determination.

2

on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Brown v. Peters, No. 95 Civ. 1641, 1886 WL 5999355, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sept. 22, 1997) (where only general objections are filed to report and recommendation, a court need only review for clear error) (citing cases). Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . ." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Such objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (citations and internal quotations marks omitted). See also Kiggins v. Barnhart, No. 98 Civ. 0204, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (reviewing the report and recommendation for clear error where objections were essentially reiterations of arguments made in earlier submissions and conclusory accusations). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

R&H has submitted the following objections to Magistrate

Judge Gorenstein's Report: (1) that R&H is entitled to partial summary judgment on the Line of Credit Agreement because R&H has demonstrated that there is no issue of material fact as to the language of the Agreement, the circumstances surrounding the execution of the documents that make up the Agreement, or the intent of R&H and Terminal Marketing in entering the Agreement; (2) that Wells Fargo is not entitled to summary judgment on the issue of whether Wells Fargo is the assignee of the Line of Credit Agreement and the Equipment Financing Agreement; and (3) that R&H has not waived its defenses against Wells Fargo by signing the form lease and delivery and acceptance as part of the Line of Credit Agreement.

With regard to the Line of Credit Agreement, R&H argues that it is undisputed, and all evidence points to the conclusion, that the Line of Credit Agreement never commenced. Specifically, R&H contends that the language of the Line of Credit Agreement is clear that no payment obligation arose, that the Commitment Letter, which is part of the Line of Credit Agreement, makes clear that payment obligations commence only upon a "takedown", and that Wells Fargo has submitted no evidence relating to the negotiation or execution of the Line of Credit Agreement to support its interpretation of the Line of Credit Agreement. Furthermore, R&H argues that other agreements that did not

include commencement dates do not create a triable issue of fact that the Line of Credit Agreement actually commenced.

On the issue of the validity of the assignment of the Line of Credit Agreement and the Equipment Financing Agreement to Wells Fargo, R&H argues that those agreements were not constructively modified by Wells Fargo, Terminal Marketing and Terminal Finance, and that there is no evidence of such an assignment by Terminal Marketing. Lastly, on the issue of the waiver of defenses, R&H argues that there is a triable issue of fact as to whether Wells Fargo acted in good faith, and could therefore, be considered a holder in due course.

These objections are certainly a "rehashing" of arguments presented in R&H's motion papers that were before Magistrate Judge Gorenstein. In its review of both the motion papers submitted by R&H and its Objections to the Report and Recommendation, the Court has found that R&H set forth arguments previously made in its motion papers, often times verbatim. Though R&H attempts to word its objections in a manner to suggest that it is making specific objections to the Magistrate Judge's findings, it is essentially arguing that the Magistrate Judge was wrong when finding against it. As such, R&H is not entitled to a de novo review of its motions.

Accordingly, after reviewing the record herein for clear

5

error, it is hereby ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein, dated May 4, 2004 be and the same hereby is approved, adopted, and ratified by the Court;

2. R&H's Motion for Summary Judgment on the first and third counterclaims and Motion for Partial Summary Judgment on the fifth counterclaim of Wells Fargo concerning the Line of Credit Agreement is DENIED;

3. Wells Fargo's Motion for Partial Summary Judgment on the validity of the assignment of the Line of Credit Agreement and Equity Finance Agreement is GRANTED;

4. R&H's Motion for Summary Judgment on the validity of the assignment of the same Agreements is DENIED; and

5. Wells Fargo's Motion for Summary Judgment on the waiver of defense issue is GRANTED.

Having determined each Party's respective Motions for Summary Judgment, the Court sets forth the following pre-trial submission dates:

- Joint Pre-Trial Statements ("JPTS"), Requests to Charge and Proposed Voir Dire are to be filed no later than May 15, 2006;

- Memoranda of Law addressing those issues raised in the JPTS are also to be filed no later than May 15, 2006;

6

and

- Responses to the Memoranda are to be filed no later than June 5, 2006.

All submissions shall be in accordance with the Individual Practices of this Court, as amended October 7, 2005. See Individual Practices of the Honorable Deborah A. Batts, available at http://www.nysd.uscourts.gov/Individual_Practices/ Batts.pdf.

SO ORDERED.

DATED: New York, New York
March 28, 2006

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge